# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:23-CR-00163 |
| v. | (Judge Brann) |
| JEREMY PAULEY | |

**DEFENDANT'S MOTION FOR DETERMINATION OF LOSS AMOUNT**

AND NOW, this 6th day of June 2024, comes the Defendant, Jeremy Pauley, by and through his attorney, Jonathan R. White, Esquire and DETHLEFS-PYKOSH LAW GROUP LLC, and respectfully requests This Honorable Court to grant the within Motion and in support thereof avers as follows:

1. On September 7, 2023, defendant waived his indictment.

2. On September 8, 2023, defendant pled guilty to Counts 1 and 2 of the Information.

3. On January 19, 2024, a Draft Pre-Sentence Report was filed by Probation for the above Defendant.

4. The PSR indicated "because the loss amount cannot reasonably be determined, the Court can make an estimation of loss based upon factors under USSG §2B1.1 Application Note 3(C)." (Doc. 21, ¶ 42) (emphasis in original).

5. In said Pre-Sentence Report, probation assessed a 6-point increase under USSG §2B1.1(b)(1)(D). (Doc. 21. ¶ 42).

1

6. The ordinary meaning of the word "loss" in the context of §2B1.1 is "actual loss." *See United States v. Banks*, 55 F.4th 246 (3d Cir. 2022); ***Kisor v. Wilkie***, 139 S.Ct. 2400 (2019).

7. The ordinary meaning of the word "loss" is the loss the victim actually suffered. ***Id.***

8. Mr. Pauley is objecting to a loss amount through two avenues: first, that there ought not to be a loss for the within matter as the victim suffered no loss, and second, any loss, if applicable, would be less than a 6-level enhancement.

9. The within motion concerns only the first part: whether there ought to be a loss amount.

10. The issue is thus a matter of statutory interpretation. ***See Kisor v. Wilkie***, 139 S.Ct. 2400 (2019); ***Auer v. Robbins***, 519 U.S. 452 (1997).

11. At issue in the matter is whether there can be a loss amount for stolen human remains. This begs the question of whether there can be a value on human remains, and if so, who suffers the loss, and what is the appropriate measure of value.

12. It is the position of the defense that as the goods at issue are human remains of the deceased, there is no actual loss to the deceased.

13. While ordinarily this would be discussed through a PSR objection, undersigned counsel believes addressing this issue initially would be judicially and economically more sound.

14. As the Court is well aware, the discovery in the within matter is voluminous, exceeding 2.5 million pages. Objections to loss requires the review of a majority of those 2.5 million pages with deeper analysis into transactional history, parties involved, and valuations. Said analysis may also require the need of expert

testimony. A decision on the within motion would tailor the analysis by the Court rendering a decision on whether any determination on loss needs to be calculated, and if so, where the Court believes the issues are prevalent.

15. Undersigned counsel has discussed the within with AUSA Sean Camoni who concurs with the importance of having a pre-sentencing determination on the within matter; however, AUSA does not concur with the ultimate position of the defense on the specific issue at hand.

16. Said issue can be determined by way of a briefing schedule set by the Court, and oral argument or additional evidentiary hearing if needed.

WHEREFORE, it is requested that the Court set a briefing schedule to make a determination on the within matter prior to sentencing.

Respectfully submitted,
**DETHLEFS-PYKOSH LAW GROUP, LLC**

Dated: June 6, 2024    /s/ Jonathan R. White

_____
Jonathan R. White, Esquire
PA ID No. 313808
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
jwhite@dplglaw.com
*Attorney for Defendant*